T.C. Summary Opinion 2010-34

UNITED STATES TAX COURT

DONALD R. HILL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26487-08S.                    Filed March 22, 2010.

Donald R. Hill, pro se.

<u>Michael J. Gabor</u>, for respondent.

ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect when the petition was filed.[1]  Pursuant to section
7463(b), the decision to be entered is not reviewable by any

---

[1] Unless otherwise indicated, all subsequent section
references are to the Internal Revenue Code in effect for the
year in issue, and all Rule references are to the Tax Court Rules
of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioner's 2006 Federal income tax of $4,488 and an accuracy-related penalty under section 6662(a) of $910. After concessions by petitioner, the issues for decision are: (1) Whether Social Security benefits received by petitioner in 2006 are includable in his income for that year, and (2) whether petitioner is liable for the accuracy-related penalty. We hold that the Social Security benefits are includable in petitioner's income for 2006 and that petitioner is not liable for the accuracy-related penalty.

## Background

Some of the facts have been stipulated, and they are so found. We incorporate by reference the parties' stipulation of facts and accompanying exhibits. Petitioner resided in the State of Florida when the petition was filed.

During 2006 petitioner received Social Security benefits of $19,684. Although petitioner was married at the close of 2006 and did not live apart from his spouse during that year, he and his spouse filed separate tax returns using the married filing a separate return filing status. Because he believed the Social Security benefits had already been taxed when deducted from his paychecks during his years of employment, petitioner did not

include any of the Social Security benefits on his 2006 Federal income tax return.

In a notice of deficiency, respondent determined, inter alia, that 85 percent of the Social Security benefits ($16,731) received by petitioner during 2006 is includable in petitioner's income for that year. Respondent also determined that petitioner is liable for the accuracy-related penalty based on negligence or disregard of rules or regulations.

## Discussion

A. Social Security Benefits

Section 61(a) provides that, except as otherwise provided by law, gross income includes all income from whatever source derived. Relevant for our purposes, section 86 provides that if a taxpayer's modified adjusted gross income[2] plus one-half of the Social Security benefits received by the taxpayer exceeds the adjusted base amount, then gross income includes the lesser of: (1) The sum of (a) 85 percent of such excess, plus (b) the lesser of (i) one-half of the Social Security benefits received during the year or (ii) one-half of the difference between the adjusted base amount and the base amount of the taxpayer; or (2) 85 percent of the Social Security benefits received during the taxable year. See sec. 86(a)(2), (b). With respect to a married

---

[2] In this case, ignoring adjustments not relevant here, petitioner's modified adjusted gross income equals his adjusted gross income. See sec. 86(b)(2).

taxpayer who does not file a joint return and who does not live apart from his spouse at all times during the taxable year, both the base amount and the adjusted base amount are zero. Sec. 86(c)(1)(C) and (2)(C).

Petitioner filed his 2006 Federal income tax return using the married filing a separate return filing status. In addition, petitioner does not claim that he lived apart from his wife during 2006, and nothing in the record suggests that he did. Therefore, petitioner's base amount and adjusted base amount for purposes of the section 86 calculation are zero. See sec. 86(c)(1)(C) and (2)(C).[3]

Taking into account petitioner's filing status, his modified adjusted gross income, and the Social Security benefits he received, 85 percent of those benefits are includable in his 2006 income. See sec. 86(a), (b), and (c). Accordingly, respondent's determination in this regard is sustained.

B. <u>Section 6662 Penalty</u>

Section 6662(a) and (b)(1) imposes a penalty equal to 20 percent of the amount of any underpayment attributable to negligence or disregard of rules or regulations. The term "negligence" includes any failure to make a reasonable attempt to comply with tax laws, and "disregard" includes any careless,

---

[3] For a taxpayer who files a joint return, the base amount and adjusted base amount are $32,000 and $44,000, respectively. See sec. 86(c)(1)(B), (2)(B).

reckless, or intentional disregard of rules or regulations. Sec. 6662(c).

Section 6664 provides an exception to the imposition of the accuracy-related penalty if the taxpayer establishes that there was reasonable cause for, and the taxpayer acted in good faith with respect to, the underpayment. Sec. 6664(c)(1); sec. 1.6664-4(a), Income Tax Regs. The determination of whether the taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. Circumstances that may indicate reasonable cause and good faith include the extent of the taxpayer's effort to properly assess the tax liability and an honest misunderstanding of fact or law that is reasonable in light of the taxpayers's experience, knowledge, and education. Id. The taxpayer bears the burden of proving that he or she did not act negligently or disregard rules or regulations. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933); Higbee v. Commissioner, 116 T.C. 438, 446 (2001); see sec. 7491(c) (regarding the Commissioner's burden of production).

Respondent bases his determination of the section 6662(a) accuracy-related penalty in large part on petitioner's failure to include the Social Security benefits in his 2006 income.

We are satisfied that petitioner made a good faith effort to properly determine his 2006 Federal income tax liability, and his

failure to properly account for his Social Security benefits results from an honest misunderstanding of fact or law that is reasonable in light of his age, experience, knowledge, and education.  Accordingly, we hold that petitioner is not liable for the section 6662(a) accuracy-related penalty for 2006.

Conclusion

We have considered all of the arguments made by the parties, and, to the extent that we have not specifically addressed them, we conclude that they are unpersuasive.

To reflect the foregoing,

> Decision will be entered
> for respondent as to the
> deficiency in tax and for
> petitioner as to the
> accuracy-related penalty.